Daniel M. Hodes
CSB No. 101773
Lopez, Hodes, Restaino, Milman
 & Skikos
9210 Irvine Center Drive
Irvine, CA 92618
(949) 640-8222
(949) 640-8294 – Facsimile
Local Counsel for Plaintiffs

Joseph P. Callahan
VSB No. 38056
Rawls & McNelis
1111 E. Main Street
Suite 1701
Richmond, VA 23219
(804) 344-0038
(804) 782-0133 – Facsimile
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW W. SWAN, a minor, by and through WILLIAM H. SWAN, Father & Next Friend, <br><br> and <br><br> WILLIAM H. SWAN, Individually and as Father of MATTHEW W. SWAN, <br><br> and <br><br> TRACY SWAN, Individually and as Mother of MATTHEW W. SWAN, <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>  Defendant. | Case No.: 06-0431-JM(LSP) <br><br> **PETITION FOR APPROVAL OF COMPROMISE OF DISPUTED CLAIM OF MATTTHEW W. SWAN, A MINOR** <br><br><br> Date:  December 17, 2007 <br> Time:  10:00 a.m. <br> Judge: Magistrate Judge Cathy A. Bencivengo |

1

Petitioner, Tracy Swan, alleges as follows:

1. That Petitioner is the duly appointed and acting Guardian Ad Litem of MATTHEW W. SWAN (hereinafter "MATTHEW"), a Plaintiff in the above-entitled action.

2. That the Plaintiff, MATTHEW, was born January 2, 2003, and is now four years old.

3. That the Plaintiff, MATTHEW, has a disputed claim for damages against Defendant UNITED STATES OF AMERICA arising out of a personal injury he sustained during and subsequent to his birth and delivery on January 2, 2003.

4. That Petitioner received medical care from Defendant's health care providers while she was pregnant with MATTHEW. Said care included an advanced ultrasound exam for the purpose of screening for fetal abnormalities. The ultrasound was performed at Bethesda National Naval Medical Center on November 13, 2002, and was reported as normal.

5. That thereafter, on January 2, 2003, at 27 weeks, 5 days gestation, MATTHEW was delivered via emergency Cesarean section at Malcolm Grow Air Force Medical Center. At the time of birth, MATTHEW was described as "dysmorphic, limp, blue, and apneic," and required extended resuscitation efforts. Shortly after his emergency birth, MATTHEW was transferred to the Neonatal Intensive Care Unit at Bethesda, where he was diagnosed with VACTERL, a nonrandom association of birth defects, and was noted to have several obvious bony abnormalities. While at Bethesda, MATTHEW suffered from serious medical problems resulting primarily from his significant and avoidable prematurity, including the need for extended mechanical ventilation and creation of a tracheostomy, which led to episodes of arrhythmia, hypoxia, acidosis, and other problems. These sequelae of his prematurity resulted in further injury to MATTHEW. On May 20, 2003, MATTHEW was transferred to the Hospital for Sick Children in Washington, DC. He remained at that facility until August 18, 2003.

6. That for the first three years of his life, MATTHEW required daily skilled nursing assistance. In addition, MATTHEW has had several episodes of respiratory distress serious enough to require direct intervention. He required multiple emergency room visits and admissions to the pediatric ICU at Walter Reed Army Medical Center. Beyond emergency room visits and inpatient admissions,

1  Petitioner and Petitioner's husband were required to take MATTHEW to Walter Reed for outpatient
2  clinics at least once weekly to receive specialized care, including pulmonology, neurology, cardiology,
3  ophthalmology, ENT, developmental, physical therapy, occupational therapy, speech/audiology therapy,
4  nutrition, endocrinology, urology, gastrointestinal, and orthopaedic services. MATTHEW now receives
5  these treatments from the Naval Medical Center, San Diego. MATTHEW has also had to undergo
6  multiple radiological studies which required sedation, and has had three operations.

7      7.    That because Defendant's health care providers failed to diagnose MATTHEW"S
8  abnormalities in-utero and take steps to forestall premature delivery, and/or plan for his delivery in a
9  neonatal intensive care setting, MATTHEW has undergone years of continuing medical treatment, and
10 will continue to require additional care and therapy, and will suffer potential learning and occupational
11 deficits in future.

12     8.    That the cost of MATTHEW'S medical care and treatment to date[1] has been covered by the
13 Defendant, either through direct provision of medical services or through payment for third-party services
14 through Defendant's Tri-Care insurance program. Petitioner is not aware of any liens for medical
15 services which might be asserted in relation to this case.

16     9.    That it is understood that the Defendant denies responsibility for the injuries suffered by
17 MATTHEW and further denies that its' health care providers breached the standard of care in rendering
18 treatment to MATTHEW.

19     10.    That the total present value of the settlement Plaintiff is asking the court to approve is
20 $410,000 (Four Hundred and Ten Thousand Dollars), including Two Hundred and Sixty Thousand
21 Dollars ($260,000) to be used by the Defendant to purchase an annuity that will provide periodic
22 payments and Educational Supplements to MATTHEW during his lifetime.

---

[1] By virtue of his father's anticipated career military service, MATTHEW is expected to remain eligible for direct care from Defendant and/or for Tricare benefits through age 18 (or a longer period if he remains a full-time student).

11. That Plaintiffs believe MATTHEW'S damages are greater than the settlement amount agreed to with the United States. However, Plaintiffs understand the risk of litigating their claims further, including the risk that the Defendant would not be found liable for MATTHEW'S injuries.

12. That the settlement funds are to be distributed as follows:

    A. To fund an annuity contract to be purchased by Defendant for MATTHEW - $260,000.00:

    B. To pay litigation expenses - $36,940.60;

    C. To pay attorneys' fees - $102,500.00[2].

13. That Plaintiffs' attorneys, Rawls & McNelis, P.C. have advised the Petitioner that said compromise is fair and reasonable in view of the nature of the liability asserted, the extent of the injuries received by MATTHEW, and the types and amount of damages available in litigation of this matter.

14. That Petitioner submits that this settlement represents a fair compromise of MATTHEW'S claim and is preferable to the uncertainties and expenses of continued litigation.

15. That the Defendant has advised counsel for the Plaintiffs that it does not opposed this motion and that the proposed settlement has been approved and ratified by the appropriate officials.

16. That the Petitioner has made a diligent and careful inquiry and investigation so as to ascertain the facts relating to the incidents, the responsibility therefore, and the nature, extent and seriousness of said minor's injuries, as well as to the Defendant's responsibilities for providing reasonable care and treatment of MATTHEW.

17. That Petitioner fully understands that if the compromise herein proposed is approved by the Court, and is consummated, said minor will be forever barred from seeking further recovery of compensation, even though said minor's injuries might, in the future, prove to be more serious.

18. And that Petitioner hereby recommends this compromise settlement to the Court as being reasonable and in the best interest of MATTHEW.

---

[2] Representing attorneys' fees of 25%, in compliance with 28 U.S.C. § 2678.

Case 3:06-cv-00431-JM-LSP   Document 45-2   Filed 11/16/07   Page 5 of 5

WHEREFORE, for the foregoing reasons, Petitioner respectfully asks this Court to approve the compromise settlement as set forth herein.

DATED: 11/16/07          By: /s/ Tracy Swan
                              TRACY SWAN, Petitioner

## VERIFICATION

I, TRACY SWAN, declare that:

I am the duly appointed and acting Guardian Ad Litem of MATTHEW W. SWAN (hereinafter "MATTHEW"), a minor Plaintiff in the above-entitled action.

I am the Petitioner in the above-entitled action and the mother of MATTHEW W. SWAN, a minor. I have read the foregoing "PETITION FOR COMPROMISE OF DISPUTED CLAIM" and know the contents thereof. The matters stated in the Petition are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this __16__ day of November, 2007 at San Diego, California.

By: /s/ Tracy Swan
    TRACY SWAN, Petitioner

5